## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| | ) | **Case No. BK 20-40305** |
| **KURT E. KROEGER and KATHY L.** | ) | |
| **KROEGER,** | ) | **Chapter 7 proceeding** |
| | ) | |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| **RICHARD D. MYERS, Trustee** | ) | |
| | ) | **Adversary No.** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| **GALEN E. STEHLIK and STEHLIK** | ) | |
| **LAW FIRM P.C., L.L.O,** | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Richard D. Myers, Chapter 7 Trustee for the bankruptcy estate presently being administered in Case No. 20-bk-40305 in the United States Bankruptcy Court for the District of Nebraska and states and alleges as follows:

### PARTIES

1.      Kurt E. Kroeger and Kathy L. Kroeger (hereafter "Debtors") are individuals residing in the State of Nebraska.

2.      Galen E. Stehlik, on information and belief, is a resident of Hall County, Nebraska.  Mr. Stehlik is a licensed attorney with his law practice located n Grand Island, Nebraska.

3.      Stehlik Law Firm P.C., L.L.O. is a limited liability organization doing business in Nebraska with its principal place of business in Grand Island, Nebraska.

1

4.      Richard D. Myers, Trustee, is an attorney acting as Chapter 7 Trustee for the above-identified bankruptcy estate with his principal place of doing business in Omaha, Nebraska.

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and § 157 and Bankruptcy Rule 7001.  This is a suit for professional negligence arising under state law which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) because it is a claim by the Trustee brought as a result of professional activities performed on behalf of the bankruptcy estate during administration of the bankruptcy proceeding.  A claim for legal malpractice arising from actions occurring in the administration of a bankruptcy estate and which may involve interpretation of the Bankruptcy Code is a core proceeding.

6.      Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS AND BACKGROUND

7.      Debtors are individuals residing in the State of Nebraska and were formerly doing business as H & M Farms, Inc. and Performance Crops, LLC.

8.      In late 2019 or early 2020 Debtors experienced financial difficulties resulting in a decision to file bankruptcy.  Debtors were eligible to file their bankruptcy under and initially remained as debtors in possession as Chapter 12 family farmers.

9.      Debtors retained Galen E. Stehlik and the Stehlik Law Firm P.C., L.L.O. (hereafter "Stehlik") to act as their attorney in filing a reorganization under 11 U.S.C. § 1201, et seq.

10.     The Debtors' initial petition was filed on February 28, 2020 by Stehlik.  [Docket

BK 20-40305 filing No. 1.][1] The deadline to object to dischargeability of debt was set for May

25, 2020 and the deadline for filing proofs of claim was May 8, 2020.  [Doc. 3.]

11.     A list of creditors was filed on March 11, 2020.  [Doc. 14.]  Multiple creditors

were left off of the list of creditors.  Multiple creditors (some with and some without notice)

subsequently requested and were granted relief allowing filing claims out of time including the

following:

a.    Aurora Cooperative Elevator Co. [Doc. 60].  Debtors stipulated to allow late
      filing of claim, stipulation granted [Doc. 77];

b.    Midwest Management [Doc. 71]. Motion granted after no objection or resistance
      was filed [Doc. 88];

c.    Adair 0001 [Doc. 72].  Motion granted after no objection or resistance was filed
      [Doc. 89];

d.    Central Properties [Doc. 73].  Motion granted after no objection or resistance was
      filed [Doc. 90];

e.    Markowitz LLC [Doc. 79].  Motion granted after no objection or resistance was
      filed [Doc. 92];

f.    Home Federal Savings & Loan [Doc. 85].  Motion granted after no objection or
      resistance was filed [Doc. 95].

g.    Miller Hybrids [Doc. 91].  Motion granted after no objection or resistance was
      filed [Doc. 99];

h.    Settje Agri-Services & Engineering, Inc. [Doc. 100].  Motion granted after no
      objection or resistance was filed [Doc. 107];

i.    Deere & Company and Deere Credit, Inc. (to allow late filed claims and late-filed
      amended proofs of claim) [Doc. 124].  Motion granted after no objection or
      resistance was filed [Doc. 129];

---

[1] Subsequent references to filings in the bankruptcy case will be identified as "Doc." followed by
the number of the filing.

    j.      C.H. Brown Co., LLC [Doc. 148].  Motion granted after no objection or resistance was filed [Doc. 149].

12.     Mr. Stehlik failed to contact Debtors to determine the validity and proper amount of the claims which creditors sought to file out of time.

13.     On April 10, 2020, Chapter 12 Trustee James Overcash filed a Jurisdictional Affidavit finding that Debtors met all qualifications to be considered family farm debtors allowing them to pursue reorganization under Chapter 12.

14.     At the meeting of creditors Mr. Kroeger indicated that he had a claim against Helen Greenwald for damages resulting from her wrongful termination of a lease of agricultural land being farmed by the Debtors and that it was Mr. Kroeger's understanding Mr. Stehlik was going to assist the Debtors in pursuing that claim.  [Doc. 44, 7:5-25.]  The debt owed by Ms. Greenwald was never listed on any schedules filed with the bankruptcy court, including those filed after the date of the meeting of creditors, and there is no evidence that a claim against Ms. Greenwald was ever pursued on behalf of the Debtors by Mr. Stehlik.

15.     Another creditor, Deere & Co., filed a motion for relief from the automatic stay on April 22, 2020.  [Doc. 23.]  No timely resistance was filed after notice of the motion was given and the Court ordered the automatic stay lifted on May 11, 2020.  [Doc. 49 (Text Order).]

16.     At the time the bankruptcy was filed the Debtors' assets were greater than their liabilities.  [Doc. 44, 9:24-10:2.]

17.     Mr. Stehlik knew or should have known that a viable plan of reorganization could have been confirmed by advising the Debtors to sell some of their assets, particularly some real property, to provide funds to pay some debts while retaining assets sufficient to remain in business.

18.     On May 29, 2020, Stehlik filed a Chapter 12 Plan on behalf of Debtors without

confirming details of the Plan with Debtors.  Objections were made to the Plan, including an

objection by the Chapter 12 Trustee.  [Doc. 63.]

19.     The Plan was objected to by Chapter 12 Trustee James Overcash [Docs. 68/69],

creditor C.J. Brown Co., LLC [Doc. 70], creditor Aurora Cooperative Elevator Co. [Doc. 74],

and creditor BankFirst [Doc. 75].  The Trustee objected to the Plan because it failed to state that

unsecured creditors would be paid in full.  C.J. Brown Co. objected because it was not clear how

certain debts were to be amortized, and BankFirst objected for numerous reasons, including

discrepancies between the debts and assets listed in the bankruptcy schedules and those listed in

the Plan.

20.     On or about July 27, 2020 Stehlik filed the First Amended Plan on behalf of

Debtors.  [Doc. 93.]

21.     C.J. Brown and BankFirst filed timely objections to the First Amended Plan.

[Docs 104, 105.]  Stehlik failed to file a detailed, itemized response to the Plan as required by the

Bankruptcy Court's General Order 20-03.

22.     On September 1, 2020 the Bankruptcy Court denied confirmation of the First

Amended Plan because Mr. Stehlik failed to file a detailed response to the creditor's objections

within 14 days as required by General Order No. 20-03.  [Doc. 108.]

23.     Mr. Stehlik, on behalf of Debtors, subsequently filed the necessary response to the

objections [Doc 111] and on September 1, 2020, the Court vacated its Order at Doc. 108 and set

a deadline for the Debtors to file a certificate or request for trial [Doc. 112].

24.     On September 23, 2020, the Court entered an Order finding that the Debtors and

their counsel, Mr. Stehlik, had once again failed to act in accordance with the Court's orders and

set a status conference at which the Debtors were required to show cause why the bankruptcy

should not be dismissed for Debtor's failure to file a confirmable plan. [Doc 113.]

25.     On October 15, 2020, Mr. Stehlik filed a Second Amended Plan purportedly at the

direction of the Debtors. [Doc. 128.] There is no signature by either of the individual Debtors

on the filed Second Amended Plan filed with the Court.

26.     A Certificate of Confirmation regarding domestic support payments was filed on

behalf of the Debtors on November 17, 2020. [Doc. 134.] The Certificate which was signed by

the individual Debtors addressed nothing other than domestic support payments. *Id.*

27.     On November 17, 2020, the Court confirmed the Second Amended Plan. [Doc.

135.] Mr. Kroeger later testified that he was not provided with a copy of the Second Amended

Plan before it was filed and that he was not aware that a preliminary payment in the amount of

$100,000 was due to BankFirst within ten (10) days of the date of confirmation.

28.     On November 17, 2020, the date the Second Amended Plan was confirmed,

Debtors were still waiting to receive a check from the United States Department of Agriculture

("USDA"). The check should have been received by November 1, 2020 but due to COVID and

other reasons was delayed. On information and belief, Mr. Stehlik knew the check was

expected, had not been received, and made no attempt to either adjust the initial payment date or

modify the Second Amended Plan to accommodate the Debtors' failure to have received the

check.

29.     The USDA check was not received before November 27, 2020, and the initial

payment due on November 27, 2020 was not timely paid.

30.     BankFirst was not informed prior to November 27, 2020 that the initial payment

deadline would not be met and no negotiations were conducted by Mr. Stehlik to extend the time

for the initial payment.

31.     Deadlines in the Second Amended Plan were crucial because BankFirst had

required a "drop dead" clause be included in the Second Amended Plan.  If the drop dead clause

had not been included, BankFirst would have objected to the proposed plan on grounds of

feasibility.  The "drop dead" clause provides as follows:

> If the Debtor fails to pay any payment to BankFirst when due under this Plan,
> otherwise fails to comply with any term or provision of this Plan as it pertains to
> BankFirst, or fails to comply with any material term or provision of the Loan
> Documents ( except to the extent modified by this Plan), and should the Debtor
> fail to remedy such default within fifteen days after the mailing of written notice
> of such default by BankFirst to Debtor and Debtor's attorney of record in this
> case, BankFirst shall be entitled to relief from the automatic stay without further
> notice or hearing. If the default is not timely cured, BankFirst may file an affidavit
> with the bankruptcy court setting forth the nature of the default, the date upon
> which written notice of the default was mailed to Debtor and Debtor's attorney,
> and indicating the failure of the Debtor to cure such default within fifteen days
> thereafter. Upon the filing of the affidavit, BankFirst shall be entitled to
> immediately exercise all of its rights and remedies to its collateral under the loan
> documents and under the Nebraska Uniform Commercial Code. Upon the filing of
> the affidavit, the Debtor shall promptly surrender and make available for
> repossession by BankFirst all personal property collateral of BankFirst
> (machinery and equipment).

[Doc. 122, Section XV.]

32.     On December 4, 2020, after Debtors failed to make the initial payment due on

November 27, 2020, a letter was sent to Debtors and to Mr. Stehlik by Mr. Galyen, BankFirst's

attorney, notifying them that Debtors had failed to make the initial payment required under the

Second Amended Plan and had failed to make the first installment payment of $18,000.  [Doc.

162-1.]  The Second Amended Plan allowed Debtors to cure any default within 15 days

following notice of the default.  The cure date for the November 27, 2020 default was December 11, 2020.  The default was not cured by December 11, 2020.

33.    Beginning with the Debtors' receipt of the December 4, 2020 letter, Debtors made numerous attempts to contact Mr. Stehlik, asking him to take some action to prevent BankFirst from pursuing foreclosure and sale of Debtors' assets as allowed by the Plan in case of default.

34.    On December 28, 2020, BankFirst filed an affidavit of default under the Plan. [Doc. 142.]  On information and belief, Mr. Stehlik failed to make any contact with BankFirst between the November 27, 2020 default and the December 28, 2020 filing of the affidavit of default.

35.    On December 30, 2020, the Court granted BankFirst's motion for relief from the automatic stay in accordance with the terms of the Second Amended Plan which allowed BankFirst to immediately exercise all its rights and remedies, including foreclosure and sale of collateral after filing an affidavit with the Court showing Debtors had defaulted under the Second Amended Plan. [Doc. 143 (Text Order).]

36.    Mr. Stehlik failed to file anything with the Court to modify the Plan or seek other relief before the Court granted BankFirst's motion for relief from the stay which allowed BankFirst to resume its state court replevin action.

37.    No appeal was taken from the December 30, 2020 Order.

38.    On January 13, 2021 Mr. Stehlik filed on behalf of the Debtors the Monthly Operating Reports for the 4th quarter of 2020, one personal and one for the entity H & M Farms, Inc.  Nothing was said in the reports regarding the default notice or the Court's order granting relief from the stay and no separate document was filed addressing the filings of BankFirst related to the default.

39.     On January 17, 2021, BankFirst reopened its replevin action against the Debtors in the District Court for Howard County, Nebraska, Case No. CI 20-0006.

40.     There is no record of any action having been taken by Mr. Stehlik on behalf of the Debtors following the Debtors' failure to make the initial payment due on November 27, 2020 until March 2, 2021, when Mr. Stehlik filed a Suggestion of Bankruptcy in the reopened Howard County District Court replevin action.

41.     Mr. Stehlik knew or should have known that filing a suggestion of bankruptcy was ineffective to stay the replevin action because of the uncured default and the terms of the Second Amended Plan and the Bankruptcy Court's final order entered December 30, 2020. Further, filing of the suggestion of bankruptcy in the state court action was improper because Mr. Stehlik knew or should have known the replevin action was expressly allowed by the Bankruptcy Court and the purpose of a suggestion in bankruptcy is to stop the proceeding and enforce the automatic stay.  The Bankruptcy Court had already lifted the automatic stay.

42.     On March 4, 2021, Mr. Stehlik finally took some action on behalf of the Debtors by sending an email to Mr. Galyen stating that the Debtors' initial payment that was due on November 27, 2020 would be made on March 5, 2021.  [Doc. 162-4.]

43.     In the early morning hours of March 5, 2021, Mr. Galyen sent an email attaching a letter (incorrectly dated February 5, 2021 instead of March 5, 2021) informing Mr. Stehlik and the Debtors that the bank would not accept payments to cure the Debtors' default under the Second Amended Plan.  [Doc. 163.]  Mr. Stehlik did not contact the Debtors nor make certain the Debtors received this email.  Debtors did not see this email until after making payments to BankFirst on March 5, 2021 and March 8, 2021.  The payments made on those dates were

sufficient to pay all amounts then in default plus late fees but BankFirst refused to allow the default to be cured and proceeded with its state court action and kept the payments.

44.     On April 1, 2021, through attorney Patrick M. Patino, the Debtors filed a motion to shorten time for hearing on a Limited Motion to Modify Confirmed Plan [Doc. 153]. The Court granted the motion and set a hearing date of April 15, 2021.

45.     On April 2, 2021, Debtors, through attorney Patrick M. Patino filed a Limited Motion to Modify Confirmed Plan and a Motion for Preliminary Injunction [Doc. 156, Doc. 157].

46.     BankFirst objected to the motion to modify the Plan and Debtors' request for an injunction.  [Doc. 162.]

47.     An evidentiary hearing was held on April 15, 2021.  Debtor testified that Mr. Stehlik had told him Stehlik was having trouble receiving communications from the attorney representing BankFirst regarding potential cure of the Plan defaults and/or a stipulated modification of the Plan.

48.     One of the issues raised at the hearing was that during March, 2021, after the March 5 and March 8 payments had been made to BankFirst, Mr. Kroeger recorded a number of instruments against the title of real estate owned by the Kroegers which was pledged as collateral to BankFirst.  Mr. Kroeger testified that those documents had been filed at the direction of Mr. Stehlik, who informed him that if there were agreements relating to the Debtors' real property that had not yet been made of record, those documents should be recorded.

49.     Although Stehlik was still attorney of record, he did not attend the April 15, 2021 hearing.  Judge Saladino expressed surprise that Stehlik, still attorney of record, did not appear, particularly because Stehlik could have testified regarding Stehlik's attempts to reach the bank's

attorney to negotiate a delay in Debtors' initial payment and relief from the drop dead clause.

Stehlik filed a motion to withdraw as counsel for the Debtors, on information and belief, after the

hearing held on April 15, 2021 on the grounds that Debtors retained other counsel without

informing him that they were doing so.  [Doc. 176.]

50.     After the motions to modify and for injunction were overruled, Debtors moved to

convert the bankruptcy to a Chapter 7 liquidation.  [Doc. 178.]  The Court granted the motion to

convert to Chapter 7 on May 25, 2021.  [Doc. 181.]

**CAUSE OF ACTION**

51.     Stehlik accepted the representation of Debtors in a Chapter 12 (family farmer)

bankruptcy proceeding.  By accepting that representation Stehlik held himself out as being able

to diligently and competently represent Debtors in a Chapter 12 bankruptcy proceeding.

52.     Stehlik's actions in representing the Debtors did not meet the standard of care for

attorneys practicing before the United States Bankruptcy Court in the State of Nebraska through

one or more of the following actions:

a.     Failing to confirm with Debtors the amount and/or existence of debts for
which motions to file claim out of time were made;

b.     Failing to timely file a resistance or objection to motions to file claims out
of time for claims not acknowledged by Debtors;

c.     Failing to determine the existence of equity in assets after motions for relief
from the automatic stay were filed by major creditors;

d.     Failing to timely file a resistance or objection to requests for relief from the
automatic stay after failing to determine the existence or amount of equity;

e.  Failing to follow the Court's Standing Order when responding to objections to the Debtors' proposed Plan(s);

f.  Failing to act diligently in directing Debtors as family farmers acting as debtors in possession;

g.  Failing to submit schedules of debts and assets to the Debtors for review and confirmation prior to filing the schedules;

h.  Filing schedules of debts and assets with the bankruptcy court that were incorrect because of Stehlik's failure to confirm the numbers with Debtors;

i.  Failing to determine that numbers in proposed plans conformed to the assets and debts listed in the schedules filed with the Court;

j.  Failing to advise the Debtors to utilize applicable provisions of the bankruptcy code to sell certain assets to pay off liabilities while reorganizing as permitted under Chapter 12 which resulted in BankFirst obtaining property valued at more than $10 million for a credit bid of approximately $5 million;

k.  Failing to schedule or pursue a debt owed to the bankruptcy estate for a cancelled farmland lease;

l.  Failing to advise the Debtors of the proper use of cash collateral by family farmers acting as debtors in possession;

m.  Preparing and submitting the Second Amended Plan to the bankruptcy court for confirmation without advising Debtors of the content of the Plan and without obtaining their consent to file it as the proposed Plan;

n.  Failing to confirm the Debtors had the ability to perform under the terms of the proposed Second Amended Plan as written;

o.  Preparing and submitting the Second Amended Plan without providing the Debtors advice regarding the severe result of any breach of the Plan;

p.  Allowing the Second Amended Plan to be confirmed without modification despite knowing the Debtors had not yet received a USDA check which was to be used toward the initial payment to BankFirst that was required within ten days of confirmation;

q.  Failing to immediately seek modification of the Second Amended Plan when the USDA check was not received by the Debtors before the Plan was confirmed;

r.  Failing to keep in contact with the Debtors regarding payment of the required initial payment;

s.  Failing to respond to Debtors' numerous requests for assistance in curing the default during the cure period included in the confirmed Plan;

t.  Failing to take any action to work with the Debtors and BankFirst to remedy the default on the initial payment due under the Plan within the 15 day cure period allowed by the drop dead provision in the Second Amended Plan;

u.  Failing to seek a modification of the Second Amended Plan prior to the Debtors' failure to make the required initial payment;

v.  Failing to seek a modification of the Second Amended Plan immediately after BankFirst's counsel filed the affidavit of default.

w.    Failing to file an immediate objection or resistance to BankFirst's request for the Stay to be lifted following Debtors' failure to make the initial payment;

x.    Failing to advise the Debtors that the March 5 and March 8, 2021 payments to BankFirst would not automatically cure the default;

y.    Failing to appeal the December 30, 2020 Order allowing BankFirst relief from the automatic stay;

z.    Filing a suggestion of bankruptcy in the reopened replevin action in the District Court for Howard County, Nebraska despite knowing that the bankruptcy court had lifted the stay and specifically allowed BankFirst to continue its action for replevin;

aa.    Advising Debtors to formalize and record certain agreements relating to real property they owned even those interests would impair the value of the property pledged as collateral to BankFirst;

bb.    Failing to attend the April 15, 2021 hearing to testify to attempts made to contact and/or negotiate with BankFirst's attorney to cure the default.

53.    As a result of the actions set forth above, Debtors were found in default under the Second Amended Plan, subjected to a renewed replevin action by BankFirst, and lost all non-exempt real and personal property as a result of the conversion of the bankruptcy proceeding to a Chapter 7.

54.    As a result of the actions set forth above, BankFirst acquired real property worth approximately twice the amount of the debt owed by the Debtors, depriving Debtors of any benefit from their assets.

55.     By the time a Plan was confirmed, Debtors' financial position had deteriorated to the point where they could not leverage their assets to offset debts and were forced to liquidate all non-exempt assets.  If Debtors had been advised to sell certain assets to reduce their debts, they would have been able to finalize the Chapter 12 reorganization with some remaining assets and would have been able to continue doing business as H & M Farms, Inc. and Performance Crops LLC.

WHEREFORE, Plaintiff requests the following relief:

A.     A money judgment in an amount to be proved at trial of at least $4,000,000;

B.     Such other and further relief as may be appropriate under the circumstances.

RICHARD D. MYERS, TRUSTEE, Plaintiff


By:_____*/s/ Diana J. Vogt*_____
Diana J. Vogt #19387
SHERRETS BRUNO & VOGT LLC
260 Regency Pkwy Dr., Suite 200
Omaha, NE  68114
(402) 390-1112  Telephone
(402) 390-1163  Facsimile
law@sherrets.com; dvogt@sherrets.com

ATTORNEYS FOR PLAINTIFF TRUSTEE