## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| | ) | |
| **KURT E. KROEGER and KATHY L. KROEGER,** | ) | **Case No. BK 20-40305** |
| | ) | |
| | ) | **Chapter 7 Proceeding** |
| **Debtors.** | ) | |
| | ) | |
| **RICHARD D. MYERS, Trustee** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Adversary No.  21-04025** |
| | ) | |
| **vs.** | ) | |
| | ) | **ANSWER TO COMPLAINT AND JURY DEMAND** |
| **GALEN E. STEHLIK and STEHLIK LAW FIRM P.C., L.L.O.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants, Galen E. Stehlik ("Galen Stehlik") and Stehlik Law Firm P.C., L.L.O. ("Stehlik Law Firm") (collectively referred to as "Defendants",) for their Answer to the Complaint filed by Plaintiff Richard D. Myers, Chapter 7 Trustee for the bankruptcy estate presently being administered in Case No. 20-bk-40305 in the United States Bankruptcy Court for the District of Nebraska (the "Trustee"), state and allege as follows:

### PARTIES

1.       Defendants admit the allegations in Paragraph 1 of the Trustee's Complaint.

2.       Defendants admit the allegations in Paragraph 2 of the Trustee's Complaint.

3.       Defendants deny the allegations in Paragraph 3 of the Trustee's Complaint. Defendants affirmatively allege that Stehlik Law Firm P.C., L.L.O is a professional corporation organized under the laws of the State of Nebraska.

4.        Defendants lack information sufficient to admit or deny the allegations in Paragraph 4 of the Trustee's Complaint, and therefore denies them.

5.      Defendants admit that the United States District Court for the District of Nebraska has jurisdiction in the underlying bankruptcy case and that the District Court may refer certain matters to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).  However, Defendants deny that the Trustee's claim constitutes a "core" proceeding for purposes of 28 U.S.C. 157(b)(3).  Defendants further deny that the Bankruptcy Court has authority to enter a final judgment with respect to the Trustee's claim absent agreement by the parties.

6.      Paragraph 6 of the Trustee's Complaint states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations.

### FACTS AND BACKGROUND

7.      Defendants admit so much of Paragraph 7 as alleges that Debtors, Kurt and Kathy Kroeger (collectively the "Debtors"), reside in the State of Nebraska and were doing business as H&M Farms, Inc. and Performance Crops, LLC, but lack information sufficient to admit or deny the remaining allegations in Paragraph 7 of the Trustee's Complaint and therefore denies them.

8.      Defendants admit the allegations in Paragraph 8 of the Trustee's Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Trustee's Complaint.

10.     Defendants admit the first sentence of Paragraph 10 of the Trustee's Complaint.  Defendants further respond that the case deadlines set in Debtors' bankruptcy case speak for themselves, and Defendants deny any allegations in Paragraph 10 of the Trustee's Complaint that are inconsistent therewith.

11.     Defendants respond that the list of creditors and any subsequent court filings that were filed speak for themselves, and Defendants deny any allegations in Paragraph 11 and its subparts of the Trustee's Complaint that are inconsistent therewith.  Defendants

affirmatively allege that the list of creditors was prepared based on the creditor names and information provided by Debtors.

12.     Defendants deny the allegations in Paragraph 12 of the Trustee's Complaint.

13.     Defendants respond that the Trustee's Jurisdictional Affidavit that was filed speaks for itself, and Defendants deny any allegations in Paragraph 13 of the Trustee's Complaint that are inconsistent therewith.

14.     Defendants respond that the transcript from Debtors' meeting of creditors speaks for itself, and Defendants deny any allegations in Paragraph 14 of the Trustee's Complaint that are inconsistent therewith. Defendants admit so much of Paragraph 14 of the Trustee's Complaint as alleges that Stehlik never pursued a claim against Ms. Greenwald but denies the remaining allegations in the second sentence of Paragraph 14 of the Trustee's Complaint.  Defendants affirmatively allege that any and all action taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

15.     Defendants respond that all court filings speak for themselves, and Defendants deny the allegations in Paragraph 15 of the Trustee's Complaint to the extent they are inconsistent therewith. Defendants affirmatively allege that any and all action taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

16.     Defendants respond that the transcript from Debtors' meeting of creditors and any related court filings speak for themselves, and Defendants deny any allegations in Paragraph 16 of the Trustee's Complaint that are inconsistent therewith.

17.     Defendants admit so much of Paragraph 17 of the Trustee's Complaint as alleges that a viable plan of reorganization could be confirmed, and in fact, Defendants

affirmatively allege that a viable plan of reorganization was confirmed. Defendants deny the remaining allegations in Paragraph 17 of the Trustee's Complaint, and specifically deny any inference or insinuation that the only viable plan of reorganization required Debtors to sell some of their assets. Defendants affirmatively allege that Debtors were advised of the opportunity to sell some of their assets in connection with the bankruptcy case but chose not to do so.

18.      Defendants admit so much of Paragraph 18 of the Trustee's Complaint as alleges that they filed a Chapter 12 Plan on behalf of the Debtors and that objections were made to the Plan but deny the remaining allegations in Paragraph 18 of the Trustee's Complaint. Defendants affirmatively allege that any and all action taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

19.      Defendants respond that all objections to the Plan filed in the Debtors' bankruptcy case speak for themselves, and Defendants deny the allegations in Paragraph 19 of the Trustee's Complaint to the extent they are inconsistent therewith.

20.      Defendants admit the allegations in Paragraph 20 of the Trustee's Complaint.

21.      Defendants respond that all court filings speak for themselves, and Defendants deny the allegations in Paragraph 21 of the Trustee's Complaint to the extent they are inconsistent therewith. The second sentence of Paragraph 21 of the Trustee's Complaint seeks a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in the second sentence of Paragraph 21 of the Trustee's Complaint.

22.      Defendants deny the allegations in Paragraph 22 of the Trustee's Complaint. *See Filing No. 112*.

23.     Defendants respond that court filings filed in the Debtors' bankruptcy case speak for themselves, and Defendants deny the allegations in Paragraph 23 of the Trustee's Complaint to the extent they are inconsistent therewith.

24.     Defendants respond that Court's Orders filed in the Debtors' bankruptcy case speak for themselves, and Defendants deny the allegations in Paragraph 24 of the Trustee's Complaint to the extent they are inconsistent therewith.  Defendants affirmatively allege that: (a) they filed the required certificate on behalf of the Debtors on October 1, 2020 (Filing No. 115); and (b) a status conference was held on October 8, 2020, during which Defendants, on behalf of Debtors, indicated on the record that a resolution had been negotiated between Debtors and the objecting creditors, such that a trial on plan confirmation would not be needed.

25.     Defendants admit so much of Paragraph 25 of the Trustee's Complaint as alleges that on October 15, 2020, they filed a Second Amended Plan on behalf, and at the direction, of the Debtors.  The Second Amended Plan speaks for itself, and Defendants deny the allegations in Paragraph 25 of the Trustee's Complaint to the extent they are inconsistent therewith.

26.     Defendants respond that the Certificate of Confirmation that was filed on behalf of the Debtors speaks for itself, and Defendants deny any allegations in Paragraph 26 of the Trustee's Complaint that are inconsistent therewith.

27.     Defendants admit the first sentence of Paragraph 27 of the Trustee's Complaint.  Defendants deny the remaining allegations in Paragraph 27 of the Trustee's Complaint, including any inference or insinuation that Defendants failed to obtain Debtors' approval of the Second Amended Plan prior to filing it.

28.     Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 28 of the Trustee's Complaint, and therefore, deny

those allegations.  Defendant denies the allegations in the third sentence of Paragraph 28 of the Trustee's Complaint.

29.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 29 of the Trustee's Complaint, and therefore, deny those allegations.

30.    Defendants lack sufficient information to admit or deny the allegation that BankFirst was not informed prior to November 27, 2020, that the initial payment deadline would not be met.  Defendants deny the remaining allegations in Paragraph 30 of the Trustee's Complaint.

31.    The terms of the Second Amended Plan speak for themselves, and Defendants deny the allegations in Paragraph 31 of the Trustee's Complaint to the extent they are inconsistent therewith.  Defendants admit so much of Paragraph 31 of the Trustee's Complaint as alleges that BankFirst required a "drop dead" clause to be included in the Second Amended Plan in exchange for withdrawing its objection to the proposed First Amended Plan.  Defendants deny the remaining allegations in Paragraph 31 of the Trustee's Complaint.

32.    Defendants admit so much of Paragraph 32 of the Trustee's Complaint as alleges that they received a letter dated December 4, 2020, from BankFirst.  Defendants respond that the content of that letter speaks for itself, and Defendants deny any allegations in Paragraph 32 of the Trustee's Complaint that are inconsistent therewith.  Defendants further respond that the terms of the Second Amended Plan, including any deadlines set forth therein, speak for themselves and Defendants deny those allegations to the extent they are inconsistent therewith.

33.    Defendants deny the allegations in Paragraph 33 of the Trustee's Complaint.

34.      Defendants respond that Affidavit of Default filed in the Debtors' bankruptcy case speaks for itself, and Defendants deny the allegations in Paragraph 34 of the Trustee's Complaint to the extent they are inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 34 of the Trustee's Complaint.

35.      Defendants respond that all court filings and orders speak for themselves, and Defendants deny the allegations in Paragraph 35 of the Trustee's Complaint to the extent they are inconsistent therewith.  Defendants further respond that Paragraph 35 of the Trustee's Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in Paragraph 35 of the Trustee's Complaint. Defendants affirmatively allege that any and all action taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

36.      Defendants admit the allegations in Paragraph 36 of the Trustee's Complaint but allege that any action or inaction taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

37.      Defendants admit the allegations in Paragraph 37 of the Trustee's Complaint but allege that any action or inaction taken or not taken in connection with Debtors' bankruptcy case was done so with the informed consent of Debtors.

38.      Defendants admit so much of Paragraph 38 of the Trustee's Complaint as alleges that they filed a Monthly Operating Reports on behalf of the Debtors.  Defendants respond that the Monthly Operating Reports speak for themselves, and Defendants deny any allegations in Paragraph 38 of the Trustee's to the extent they are inconsistent therewith.

39.     Defendants respond that the docket in BankFirst's replevin case against the Debtors in the District Court for Howard County, Nebraska, Case No. CI 20-0006 speaks for itself, and Defendants deny any allegations to the extent they are inconsistent therewith.

40.     Defendants deny the allegations in Paragraph 40 of the Trustee's Complaint.

41.     Defendants deny the allegations in the first sentence of Paragraph 41 of the Trustee's Complaint.  The second sentence of Paragraph 41 of the Trustee's Complaint states a legal conclusion to which no answer is required, however, to the extent an answer is required, Defendants deny the remaining allegations in Paragraph 41 of the Trustee's Complaint.

42.     Defendants respond that the March 4, 2021, email communication between Mr. Stehlik and Mr. Galyen speaks for itself and Defendants deny any allegations in Paragraph 42 of the Trustee's Complaint to the extent they are inconsistent therewith. Defendants further deny any inference or insinuation that the March 4, 2021, communication was the first "action" taken by Defendants on behalf of Debtors.  Defendants allege that any action or inaction taken or not taken in connection with Debtors' bankruptcy case was done with the informed consent of Debtors.

43.     Defendants respond that the March 5, 2021, email communication between Mr. Stehlik and Mr. Galyen speaks for itself and Defendants deny any allegations in Paragraph 43 of the Trustee's Complaint to the extent they are inconsistent therewith. Defendants deny the allegations in the second sentence of Paragraph 43 of the Trustee's Complaint.  With regard to the third and fourth sentence of Paragraph 43 of the Trustee's Complaint, Defendants lack information sufficient to admit or deny those allegations, and therefore, deny them. Defendants affirmatively allege that they notified Debtors of BankFirst's March 5, 2021, communication via telephone.

44.     Defendants respond that that the court filings made in the Debtors' bankruptcy case speak for themselves, and Defendants deny any allegations in Paragraph 44 of the Trustee's Complaint that are inconsistent therewith.

45.     Defendants respond that that the court filings made in the Debtors' bankruptcy case speak for themselves, and Defendants deny any allegations in Paragraph 45 of the Trustee's Complaint that are inconsistent therewith.

46.     Defendants respond that that the court filings made in the Debtors' bankruptcy case speak for themselves, and Defendants deny any allegations in Paragraph 46 of the Trustee's Complaint that are inconsistent therewith.

47.     Defendants admit so much of Paragraph 47 of the Trustee's Complaint as alleges that a hearing was held in Debtors' bankruptcy case on April 15, 2021.  Defendants respond that Debtors' testimony at the April 15, 2021, hearing is reflected in the official court transcript, which speaks for itself and Defendants deny any allegations in Paragraph 47 that are inconsistent therewith.  Defendants affirmatively allege that as of April 15, 2021, Debtors had retained new lead counsel to handle their bankruptcy case and Debtors had no further communication with Defendants.

48.     Defendants lack information sufficient to admit or deny the allegations in the first sentence in Paragraph 48 of the Trustee's Complaint, and therefore, deny those allegations. Defendants affirmatively allege that as of April 15, 2021, Debtors had retained new lead counsel to handle their bankruptcy case and Debtors had no further communication with Defendants.  With regard to the second sentence of Paragraph 48 of the Trustee's Complaint, Defendants respond that Debtors' testimony at the April 15, 2021, hearing is reflected in the official court transcript, which speaks for itself and Defendants deny any

allegations in Paragraph 48 that are inconsistent therewith and also further deny the substance of the Debtors' testimony.

49.      Defendants admit so much of Paragraph 49 as alleges that Defendants did not attend the April 15, 2021, hearing that was held in Debtors' bankruptcy case and that Defendants filed a Motion to Withdraw as counsel, which is found at Filing No. 176 and speaks for itself.  Defendants deny the remaining allegations in Paragraph 49 of the Trustee's Complaint, including the Trustee's characterization of Judge Saladino's remarks.

50.      Defendants lack information sufficient to admit or deny those allegations in Paragraph 50 of the Trustee's Complaint, and therefore, deny those allegations.

## CAUSE OF ACTION

51.      Defendants admit the allegations in Paragraph 51 of the Trustee's Complaint.

52.      Defendants deny the allegations in Paragraph 52, including its subparts, of the Trustee's Complaint.

53.      Defendants deny the allegations in Paragraph 53 of the Trustee's Complaint.

54.      Defendants deny the allegations in Paragraph 54 of the Trustee's Complaint.

55.      Defendants deny the allegations in Paragraph 55 of the Trustee's Complaint.

56.      Defendants demand that this matter be heard and decided by a jury.

57.      Defendants deny each and every allegation, including all subparts and unnumbered paragraphs, in the Trustee's Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Trustee's Complaint fails to state a claim upon which relief can be granted against the Defendants.

2.      The Trustee lacks standing to bring the claims asserted herein.

3.      The Trustee lacks standing to recover fees paid to Defendants by Debtors.

4.      To the extent Debtors have incurred any damages they have failed to mitigate them.

5.      The Trustee's claims are barred as a result of Debtors' consent to all actions taken or not taken by Defendants.

6.      The Trustee's claims are barred by the doctrines of waiver and estoppel.

7.      The Trustee's damages, if any, were caused by the Debtors' contributory negligence and/or the negligence of persons or entities other than the Defendants.

8.      The Trustee's claims are barred by the doctrines of collateral estoppel and/or res judicata.

9.      The Court lacks jurisdiction to hear and decide the Trustee's claims.

WHEREFORE, Defendants Galen E. Stehlik and Stehlik Law Firm P.C., L.L.O. respectfully request that judgment be entered in their favor on the Trustee's Complaint, that the Trustee's Complaint be dismissed, that Defendants be awarded their costs in this matter and for such other relief as the Court deems just and equitable.

DATED this 10th day of February, 2022.

> **GALEN E. STEHLIK and STEHLIK**
> **LAW FIRM P.C., L.L.O.**, Defendants
>
>
> By: _/s/ Lauren R. Goodman_____
> William F. Hargens (#16578)
> Lauren R. Goodman (#24645)
> McGrath North Mullin & Kratz, PC LLO
> First National Tower, Suite 3700
> 1601 Dodge Street
> Omaha, Nebraska 68102
> (402) 341-3070
> (402) 341-0216 fax
> whargens@mcgrathnorth.com
> lgoodman@mcgrathnorth.com
>
> ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was served by electronic filing utilizing the Court's CM/ECF system which gave notification electronically upon all parties who have filed an appearance or motion by electronic filing in this case on this 10th day of February, 2022.

*/s/ Lauren R. Goodman*

15